UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

ROGER ALAN SMITH,
Institutional ID No. 24963
Previous TDCJ ID Nos. 586195, 644138

          Plaintiff,

v.

LYNN INGALSBE,

          Defendant.

No. 1:23-cv-00066-H

## ORDER

Plaintiff Roger Alan Smith, a prisoner proceeding pro se and *in forma pauperis*, filed a civil-rights complaint under 42 U.S.C. § 1983. Dkt. No. 1. He also filed a "Motion for Leave of the Court to Recognize the Following Civil Action," which the Court interprets as a request for equitable tolling. Dkt. No. 5. As pled, the complaint lacks an arguable basis in law or fact. So, the Court dismisses Plaintiff's complaint as frivolous. Additionally, the Court denies the request for equitable tolling.

**1. Background**

On March 30, 2023, Plaintiff submitted his complaint for filing while incarcerated in the Taylor County Jail. Dkt. No. 1 at 5. Plaintiff's complaint states that he "hired" Defendant Lynn Ingalsbe to represent him in early 2019. *Id.* at 4. Plaintiff became dissatisfied because of Defendant "refusing so many times to communicate" and "reflecting no concern" towards Plaintiff, so Plaintiff replaced Defendant with a new attorney "before 2021." *Id.* Plaintiff allegedly paid Defendant $7,500 for his legal services, and he now seeks reimbursement of any "unused portion of the $7,500 paid" to Defendant. *Id.*

2.  **Screening Standard**

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss a complaint if the Court determines that the complaint "(i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also* 42 U.S.C. § 1997e(c) and 28 U.S.C. § 1915A(b). A claim may be dismissed as frivolous if the claim lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Regarding the former, "[a] complaint is legally frivolous if it is premised on an 'indisputably meritless legal theory.'" *Boyd v. Biggers*, 31 F.3d 279, 281–82 (5th Cir. 1994) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

A review for failure to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999)). Under that standard, courts must assume that the plaintiff's factual allegations are true, and a dismissal is proper only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *See id.*

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading in order to survive a Rule 12(b)(6) motion. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). The facts pled must allow a

court to infer that the plaintiff's right to relief is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To allege a plausible right to relief, the facts pled must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. *Id.*

3. **Analysis**

   A. **Plaintiff's complaint does not allege facts that allow the Court to infer that the plaintiff's right to relief is arguably based in law or fact.**

   Section 1983 provides a cause of action for plaintiffs when their constitutional or federal statutory rights are deprived by any person acting "under color of any statute, ordinance, regulation, custom, or usage" of the State. 42 U.S.C. § 1983. To establish liability under § 1983, a civil rights plaintiff must satisfy two elements: (1) state action, *i.e.*, that the conduct complained of was committed under color of state law, and (2) a resulting violation of federal law, *i.e.*, that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States. *See Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992); *Baker v. McCollan*, 443 U.S. 137, 142 (1979). The statute of limitations for a Section 1983 claim arising out of Texas is two years. *King-White v. Humble Independent School Dist.*, 803 F.3d 754, 761 (5th Cir. 2015).

   Here, Plaintiff has failed to allege that the conduct complained of was committed by a defendant who can be deemed a "state actor." *See generally* Dkt. No. 1. Additionally, Plaintiff has failed to allege any deprivation of rights secured by the Constitution or laws of the United States. *See Id.* at 4. Furthermore, Plaintiff has submitted his claim more than two years past the accrual date for the cause of action, and thus, his claim is time-barred. *King-White*, 803 F.3d at 758.

### i. Defendant Lynn Ingalsbe, a private attorney, is not a state actor under 42 U.S.C. § 1983.

The first requirement in a Section 1983 claim is that the defendant acted "under color of any statute, ordinance, regulation, custom, or usage, of any state." 42 U.S.C. § 1983. The Supreme Court has interpreted this language to mean that a defendant who has allegedly deprived a plaintiff of a constitutional right must be "acting in a state capacity" to be liable under the statute. *West v. Atkins*, 486 U.S. 42, 48 (1988). The threshold question in determining whether a defendant is a state actor is whether the defendant's actions are "fairly attributable to the State." *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 937 (1982). The Supreme Court has held conduct to be "fairly attributable to the State," if there is such a "close nexus between the State and the challenged action" that seemingly private behavior "may be fairly treated as that of the State itself." *Brentwood Academy v. Tenn. Secondary School Athletic Ass'n*, 532 U.S. 288, 295 (2001). Additionally, it is well settled that criminal defense attorneys, whether retained or court-appointed, are not state actors for purposes of a suit under 42 U.S.C. § 1983. *See Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996) (citing *Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981)); *see also Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988).

Here, Plaintiff fails to meet Section 1983's state-action requirement. Plaintiff's former lawyer is not a state actor for purposes of liability under Section 1983. *Hudson*, 98 F.3d at 873. And Plaintiff pled no facts to indicate that Defendant's actions as his lawyer are "fairly attributable to the State." *Lugar*, 457 U.S. at 937. Thus, Plaintiff has failed to plead a viable Section 1983 claim because he has not pled any plausible state action. 42 U.S.C. § 1983. Therefore, the Court finds that Plaintiff's complaint against his former

lawyer is frivolous because it is "premised on an 'indisputably meritless legal theory.'" *Boyd*, 31 F.3d at 281–82 (quoting *Neitzke*, 490 U.S. at 327).

### ii. Plaintiff fails to allege any deprivation of a federal statutory or constitutional right.

The second requirement in a Section 1983 claim is that the plaintiff was deprived of a federal statutory or constitutional right. 42 U.S.C. § 1983. Here, Plaintiff's complaint does not allege any deprivation of a constitutional or federal statutory right as required by Section 1983. *See id.* Rather, the complaint only alleges that Defendant has "unused" funds that were paid to him for legal services by Plaintiff, and Plaintiff would like to receive those funds. Doc. 1 at 4. Additionally, Plaintiff does not allege any deprivation of procedural due process that could further implicate a Section 1983 claim. *Id.* So Plaintiff's complaint is not viable under Section 1983 because he does not allege that the defendant violated any of his constitutional or federal statutory rights.

### iii. Plaintiff fails to plead a *prima facie* Section 1983 claim.

In sum, Plaintiff sues only a private actor for actions that do not implicate any federal or constitutional rights. He has failed to meet either requirement to bring his suit under Section 1983. Additionally, Plaintiff has offered no alternative basis to invoke the Court's jurisdiction. Federal courts are duty-bound to examine their own subject-matter jurisdiction and may not proceed where it is apparent that jurisdiction does not exist. *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004); Fed. R. Civ. Proc. 12(h)(3). Thus, the Court finds that Plaintiff's complaint is subject to dismissal as frivolous and for failure to state a claim upon which relief can be granted.

### B.    Even if Plaintiff's claim were viable under Section 1983, it would be time barred.

"A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *King-White*, 803 F.3d at 758. While Section 1983 provides a federal cause of action for plaintiffs to pursue, the statute looks to the law of the state in which the action arose for the applicable statute of limitations. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Texas, the applicable statute of limitations is two years. *King-White*, 803 F.3d at 761 (citing Tex. Civ. Prac. & Rem. Code § 16.003(a)). However, federal law determines the accrual date for purposes of the statute of limitations and follows the common-law approach that accrual occurs when the plaintiff has a "complete and present cause of action." *Wallace*, 549 U.S. at 387 (quoting *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)). A plaintiff is deemed to have a complete and present cause of action "when 'the plaintiff can file suit and obtain relief.'" *Id.* (quoting *Bay Area Laundry*, 522 U.S. at 201). Additionally, a plaintiff does not need to have actual knowledge. Rather, the limitation period commences when the plaintiff has actual knowledge or when a reasonable person in the plaintiff's situation would have exercised due diligence to investigate further to ascertain actual knowledge. *Jensen v. Snellings*, 841 F.2d 600, 606 (5th Cir. 1988).

The filing date for a prisoner's pro se complaint alleging a Section 1983 action is deemed as the date the prisoner deposited it in the prison mail system, not as of the date it was received by the district court clerk. *See Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). Plaintiff filed his complaint on March 30, 2023. *See* Dkt. No. 1 at 5.

But the Court finds that Plaintiff's cause of action accrued sometime before March 30, 2021, the latest date the cause of action could have accrued and still been within the two-year statute of limitations. Plaintiff hired Defendant in "early 2019" and fired him "within a year after that or before 2021." Dkt. No. 1 at 4. Additionally, Plaintiff filed an earlier lawsuit against Defendant on February 24, 2021, based on the same legal representation and cause of action. *Smith v. Ingalsbe*, No. 1:21-cv-00044-C, Dkt. No. 2 (N.D. Tex., May 5, 2021) (case voluntarily dismissed by the plaintiff). This shows that Smith "could file suit and obtain relief" in February of 2021. Therefore, the Court concludes that Plaintiff's claim, if any, accrued sometime before March 30, 2021. Thus the action is time-barred absent a finding of equitable tolling.

Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs. *Wallace*, 549 U.S. at 396. As with the limitation period, state principles guiding equitable tolling apply in Section 1983 cases. *See Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998). Texas courts apply equitable tolling sparingly, focusing primarily on whether a plaintiff exercised due diligence in pursuing his or her rights. Moreover, Texas courts emphasize that litigants may not use the doctrine "to avoid the consequences of their own negligence." *Hand v. Stevens Transport, Inc.*, 83 S.W.3d 286, 293 (Tex. App.—Dallas 2002, no pet.). Equitable tolling applies principally where the plaintiff is "actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). For a plaintiff to establish that he was prevented in an extraordinary way from asserting his rights, he generally must show that some external

force, "such as governmental interference," prevented him from filing his petition in a timely manner. *United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993).

Plaintiff lists "reasons for overcoming any statute of limitations" in his Motion for Leave of the Court, which the Court construes as a request for equitable tolling. Dkt. No. 5 at 1. Plaintiff's only claimed reasons for equitably tolling the statute of limitations are: (1) he is not schooled in matters of the law; (2) he only has a Ninth Grade 1980 G.E.D.; (3) he has no financial support for advice or representation of counsel; and (4) he is still under pressure of loss of liberty that causes shock. *Id.*

By requesting equitable tolling, Plaintiff acknowledges that he filed his claim over two years past the expiration of the statute of limitations. But he has failed to demonstrate that equitable tolling, a "rare remedy," should apply. *Wallace*, 549 U.S. at 396. Plaintiff did not allege that he was actively misled by Defendant about the cause of action or that he was prevented from asserting his rights in some extraordinary way. *See generally* Dkt. No. 5. Additionally, ignorance of the law, even for a pro se prisoner, generally does not excuse prompt filing. *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000). Therefore, the Court denies Smith's request for equitable tolling. As a result, the Court finds that Plaintiff's complaint fails to state a claim upon which relief may be granted, as it is evident from the pleadings that Plaintiff's claim is time-barred. *King-White*, 803 F.3d at 758.

### 4.   Conclusion

Plaintiff fails to allege facts that could support a plausible cause of action under Section 1983. Specifically, he has failed to establish either state action or a constitutional deprivation. Moreover, even if his claim against his former lawyer were viable under Section 1983, it would be barred by the applicable statute of limitations, and Plaintiff has

not shown that he is entitled to equitable tolling. Thus, the Court concludes that the complaint must be dismissed as frivolous and for failure to state a claim.

Generally, a district court may only dismiss a case *sua sponte* after giving the plaintiff notice of the perceived inadequacy of the complaint and an opportunity for the plaintiff to respond. *See Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014). However, this rule against no-notice *sua sponte* dismissal is subject to two exceptions: if the dismissal is without prejudice, or if the plaintiff has pled his best case. *Brown v. Taylor*, 829 F.3d 365, 370 (5th Cir. 2016). Here, the Court will dismiss the complaint without prejudice. If Plaintiff believes he can cure the deficiencies identified by the Court, he must file a motion to reopen this case within 28 days and attach a complete amended complaint to his motion. Any amended complaint must include all of Plaintiff's claims and explain how he has overcome each of the deficiencies described above.

For these reasons, the Court orders that:

(1)   Plaintiff's motion for equitable tolling (Dkt. No. 5) is denied.

(2)   Plaintiff's complaint is dismissed without prejudice as frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

(3)   This dismissal shall count as a qualifying dismissal, or "strike," under 28 U.S.C. §§ 1915 and 1915A, 42 U.S.C. §1997e, and *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996). *See Lomax v. Ortiz-Marquez*, __U.S.__, 140 S. Ct. 1721 (2020) (regardless of whether the dismissal is with or without prejudice, the dismissal of a prisoner's civil lawsuit, counts as a strike under PLRA three-strikes rule).   Plaintiff is cautioned that if he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal

filed while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

(4)     Dismissal of this action does not release Plaintiff from the obligation to pay any filing fee previously imposed. *See Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997).

(5)     Any pending motions in this case are denied.

(6)     If Plaintiff appeals this order, he will be required to pay the appeal fee of $505.00 pursuant to the PLRA, and he must submit an application to proceed *in forma pauperis* and a six-month certificate of his inmate trust account at the same time he files notice of his appeal.

(7)     The Court prospectively certifies that any appeal of this action would not be taken in good faith, for the reasons stated herein. *See* U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3); *See also Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the findings in this order, the Court finds that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (per curiam).[1] In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of the Court, U.S. Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

---

[1] Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order. A timely notice of appeal must be filed even if the district court certifies an appeal as not taken in good faith.

Dated June 27, 2023.

                                                  _____
                                                  JAMES WESLEY HENDRIX
                                                  United States District Judge